UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **JESSICA MOSS**, <br><br> Plaintiff, <br><br> v. <br><br> **LOANDEPOT.COM, LLC**, <br><br> Defendant. | 2:19-cv-12076 <br><br> HON. TERRENCE G. BERG <br><br> **ORDER GRANTING DEFENDANT'S MOTION TO DISMISS, DENYING PLAINTIFF'S MOTION FOR LEAVE TO AMEND** |

Plaintiff Jessica Moss worked as a recruiting specialist for Defendant Loandepot.com, LLC ("Loandepot"). According to the Complaint, Loandepot breached Moss's employment agreement and violated the Michigan Sales Representative Commission Act ("MSRA"), Mich. Comp. Laws § 600.2961, by failing to pay her commissions she says she was entitled to receive after her termination, among other claims. Loandepot filed a motion to dismiss the Complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure. In response, Moss proposed to file an Amended Complaint claiming that the employment agreement at issue is actually unenforceable, and that California—rather than Michigan—law governs her claims. Moss seeks leave to file the Amended Complaint. ECF No. 6. The Court will grant Loandepot's motion to dismiss the original Complaint for failure to state a claim. ECF No. 3.

1

Because allowing Moss to file the proposed Amended Complaint would be futile, the Court will deny her motion for leave to amend. ECF No. 6. The case will be dismissed with prejudice.

**BACKGROUND**

Jessica Moss was originally hired by Mortgage Master, Inc. as a recruiting specialist in February 2013. ECF No. 1-2, PageID.11 (Compl.). In that role she was responsible for recruiting loan officers to the company. ECF No. 1-2, PageID.11. Moss's compensation was comprised of commissions on sales made by the loan officers she recruited. ECF No. 1-2, PageID.11. The terms of Moss's employment were initially governed by an employment agreement she signed when she began working at Mortgage Master. ECF No. 1-2, PageID.11. In late 2014, Mortgage Master was acquired by Defendant Loandepot. ECF No. 1-2, PageID.11. But the company continued doing business as Mortgage Master and Moss was never presented with a new employment agreement to sign. ECF No. 4, PageID.62 (Pl.'s Resp. Br.).

In January 2017, Moss's commission schedule changed. ECF No. 4, PageID.62. From that point forward, according to the Complaint, Loandepot paid her "a fixed salary and commissions based upon a percentage of the sales made by loan officers she recruited for thirteen months." ECF No. 1-2, PageID.11. Under the terms of the employment agreement, as a recruiting specialist Moss was entitled to receive a commission "on any and every loan that the Recruited Loan

Officers . . . originate and which closes *while* Recruiting Specialist is employed by MMI [Mortgage Master]". ECF No. 3-3, PageID.55 (Employment Agreement) (emphasis added).

Loandepot subsequently terminated Moss in May 2018. ECF No. 1-2, PageID.11. The company only paid her commissions on sales made by loan officers she had recruited before her employment there ended. ECF No. 1-2, PageID.12. Moss filed this lawsuit in Macomb County Circuit Court on May 31, 2019. ECF No. 1-2, PageID.10. Loandepot then removed the case to federal court and filed a motion to dismiss the Complaint under Rule 12(b)(6). ECF No. 3. Moss subsequently filed a proposed Amended Complaint and motion for leave to amend her pleading, which Loandepot opposed on futility grounds. ECF No. 6.

## LEGAL STANDARD

Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes courts to dismiss a lawsuit if they determine that the plaintiff has "fail[ed] to state a claim upon which relief can be granted." Rule 8(a) requires only that pleadings contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Though this standard is liberal, courts have held that it requires plaintiffs to provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action" in support of their grounds for entitlement to relief. *Albrecht v. Treon*, 617 F.3d 890, 893 (6th Cir. 2010) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 555 (2007)).

3

In evaluating a motion to dismiss under Rule 12(b)(6), courts must construe the complaint in the light most favorable to the plaintiff and accept all well-pled factual allegations as true. *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007) (citing *Kottmyer v. Maas*, 436 F.3d 684, 688 (6th Cir. 2006)). Consideration of a motion to dismiss under Rule 12(b)(6) is generally confined to the pleadings. *Jones v. City of Cincinnati*, 521 F.3d 555, 562 (6th Cir. 2008). Courts may, however, consider any exhibits attached to the complaint or the defendant's motion to dismiss "so long as they are referred to in the Complaint and are central to the claims contained therein." *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008) (citing *Amini v. Oberlin Coll.*, 259 F.3d 493, 502 (6th Cir. 2001)). The exhibits attached by the parties in this case satisfy those parameters.

Because Loandepot has already filed a responsive pleading, Moss may amend her pleading only with written consent of the Defendant or leave of the Court. Fed. R. Civ. P. 15(a)(2). Courts should "freely" grant leave to amend "when justice so requires." *Id.* But a court may deny a motion for leave to amend a complaint if the proposed amendment would be futile. *Breckenridge v. Blackhawk Recovery & Investigation, LLC*, No. 18-10787, 2018 WL 4829305, at *2 (E.D. Mich. Oct. 4, 2018). An amendment is futile if it would not survive a motion to dismiss. *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420–21 (6th Cir. 2000).

## DISCUSSION

Loandepot's motion to dismiss identifies a number of legal deficiencies in Moss's first-filed Complaint that warrant dismissal under Rule 12(b)(6). In response to the motion to dismiss, Moss filed a proposed Amended Complaint and requested the Court's leave to amend her pleading. The Court has reviewed the proposed Amended Complaint and finds that, like her original Complaint, the amended pleading fails to state a claim upon which relief could be granted. *See* Fed. R. Civ. P. 12(b)(6). Accordingly, permitting Moss to amend her pleading would be futile. The Court will therefore deny her leave to amend.

**I. Plaintiff's first Complaint fails to state a claim upon which relief could be granted.**

By seeking leave to file an Amended Complaint, Moss is abandoning the claims contained in her original pleading. Although the first-filed Complaint asserts a claim for breach of the employment agreement, Moss now takes the position that the very same agreement is unenforceable. ECF No. 4, PageID.58 (Pl.'s Resp. Br.) ("[N]o contract was established between the parties."). Specifically, Moss argues that the 2013 employment agreement does not govern this dispute and cannot be enforced because she was never informed that Loandepot was assuming Mortgage Master's obligations under it. ECF No. 4, PageID.62–63. Although Moss had submitted a proposed Amended Complaint and seeks the Court's leave to amend her pleading, in the interest of clarity the

Court will nonetheless adjudicate Loandepot's motion to dismiss the original Complaint. It is not entirely clear from Moss' briefing whether she wishes the Court to disregard her original pleading entirely. *See* ECF No. 4, PageID.61 Accordingly, the Court will assess both of Plaintiff's pleadings under Rule 12(b)(6).

### A. Plaintiff's breach-of-contract claim fails because she now asserts there was no contract.

Claims for breach of contract by their nature require the existence of an underlying contract. *Green Leaf Nursery, Inc. v. Kmart Corp.*, 485 F. Supp. 2d 815, 818 (E.D. Mich. May 3, 2007) (explaining that a claim for breach of contract under Michigan law must allege that there is a contract between the parties). Although the original pleading had presumed the contact was valid and asserted that Loandepot had breached its obligations under the employment agreement by failing to pay Moss commissions she was entitled to, Moss now takes the position that the employment agreement is unenforceable. Because Moss now disavows the existence of a binding contract between her and Loandepot—an essential element of her claim for breach of contract—the Court will dismiss this claim.

### B. Plaintiff's claim for violation of the Michigan Sales Representative Commission Act cannot survive without a viable breach-of-contract claim.

Moss's claim for violation of the MSRA, Mich. Comp. Laws § 600.2961, must also be dismissed because it depends on the viability of

her breach-of-contract claim, which this Court has dismissed. The MSRA ensures Michigan sales representatives receive the full amount of commissions they are entitled to after termination. *Hardy v. Reynolds & Reynolds Co.*, 311 F. App'x 759, 766 (6th Cir. 2009). Claims under the Act are, however, "derivative of" breach of contract claims. *Id.; Miller v. Hinkle Mfg., LLC*, No. 13-cv-14048, 2014 WL 5307145, at *6 (E.D. Mich. Oct. 16, 2014). If there is no breach of the contract governing the sales commissions, there can be no corresponding breach of the MSRA. *Hardy*, 311 F. App'x at 766. *See Auto. Interior Innovations, LLC v. Mata Ahsap Ve Otomotiv Tic San AS*, No. 13-cv-12542, 2015 WL 4162489, at *18 (E.D. Mich. Jul. 9, 2015) (dismissing the plaintiff's MSRA claim because the court had already rejected its breach-of-contract claim). Because Moss's MSRA claim cannot stand without a viable breach-of-contract claim, the Court will also dismiss her MSRA claim under Rule 12(b)(6).

**C. Plaintiff cannot proceed with her claim for unjust enrichment.**

The Court will dismiss Moss's claim for unjust enrichment under Michigan law. This state's law generally does not permit plaintiffs to pursue equitable remedies where they assert legal claims encompassing the same alleged wrongdoing and requested relief. *Romeo Inv. Ltd. v. Mich. Consol. Gas Co.*, No. 260320, 2007 WL 1264008, at *9 (Mich. Ct. App. May 1, 2007). Instead, courts employ the "fiction" of unjust enrichment "with caution" because the doctrine vitiates against normal

contract principles. *Smith v. Glenmark Generics, Inc., USA*, No. 315898, 2014 WL 4087968 at *1 (Mich. Ct. App. Aug. 19, 2014). The original Complaint posited the existence of an enforceable contract between Moss and Loandepot and asserted a claim for breach of contract. Although Moss now disavows her breach-of-contract claim, the Complaint alleges facts that amount to the existence of an express agreement between Moss and Loandepot about the commissions she was entitled to. Equitable relief is therefore inappropriate.

### D. Plaintiff has abandoned her promissory estoppel claim.

The Court considers Moss's promissory estoppel claim abandoned. "Claims left to stand undefended against a motion to dismiss are deemed abandoned." *Bazinski v. JPMorgan Chase Bank, N.A.*, No. 13-14337, 2014 WL 1405253, at *2 (E.D. Mich. Apr. 11, 2014); *Thielen v. GMAC Mortg. Corp.*, 671 F. Supp. 2d 947, 957 (E.D. Mich. 2009) (same). Because Moss has presented no argument as to why her promissory-estoppel claim should survive Loandepot's motion to dismiss, and does not seek to include this claim in her Amended Complaint, the Court will treat that claim as abandoned and dismiss it.

Because Moss's original Complaint fails to state any claim upon which relief could be granted, the Court will grant Loandepot's motion to dismiss, ECF No. 3. In response to Loandepot's motion Moss argues, for the first time, that California law governs her claim that Loandepot improperly withheld commissions she was entitled to. ECF No. 4,

8

PageID.59. But a response to a motion to dismiss is an improper forum to assert new claims. *Richter v. Seterus, Inc.*, No. 15-cv-12874, 2016 WL 8200520, at *2 (E.D. Mich. May 16, 2016). Accordingly, if Moss wishes to assert new claims based on California law she requires this Court's leave to amend her pleading.

## II. Permitting Plaintiff to amend her pleading would be futile.

Having carefully reviewed the proposed Amended Complaint and considered Defendant's arguments that amendment would be futile, the Court concludes that Defendant is correct, and that the Amended Complaint likewise fails to state a plausible claim. There is no legal basis that permits Moss, a Michigan resident, to assert claims under California state law arising from her employment in Michigan in this case pending in the Eastern District of Michigan. Additionally, equitable relief in the form of unjust enrichment remains inappropriate because the Amended Complaint alleges facts that amount to the existence of an express agreement between the parties regarding compensation structure.

### A. Moss cannot assert claims under California's Labor Code.

The claims Moss asserts under California's Labor Code must be dismissed because a nonresident of California who has not worked in California cannot assert claims under the state's wage and labor laws. One state may not "project its legislation" into another. *Baldwin v. G.A.F. Seelig, Inc.*, 294 U.S. 511, 521 (1935). In fact, the United States Constitution's Commerce Clause generally forecloses the enforcement of

one state's statute in a manner that regulates commerce taking place outside of state borders. *Edgar v. MITE Corp.*, 457 U.S. 624, 642–43 (1982). This is because only Congress has authority to regulate commerce among the states. U.S. Const. art. I, § 8, cl. 3. The Supreme Court accordingly has struck down state laws on Commerce Clause grounds where the "practical effect" of a state statute is to control commerce beyond the state's boundaries. *S. Pac. Co. v. Arizona*, 325 U.S. 761, 775 (1945). Although a state may have limited authority to legislate around the rights and obligations of its citizens beyond its boundaries, state statutes are presumed not to have extraterritorial effect. *Cotter v. Lyft, Inc.*, 60 F. Supp. 3d 1059, 1061 (N.D. Cal. 2014). This presumption against extraterritorial effect is rebutted only by a contrary intent plainly discernable from the statute's purpose, content, or history. *North Alaska Salmon Co. v. Pillsbury*, 162 P. 93 (Cal. 1916).

Concerning the California Labor Code, under which Moss seeks to assert claims, federal courts have observed that "California wage and hour laws . . . simply do not apply to employees who work exclusively in another state." *Cotter*, 60 F. Supp. 3d at 1061. The employment compensation of nonresidents of California working exclusively outside of California is an aspect of commerce unfolding wholly outside of California. *Id.* at 1063. Another court in this circuit decided a similar case in which an Ohio resident working in Ohio for a California-based company sought to bring claims under California wage law. *Mitchell v.*

*Abercrombie & Fitch*, No. C2-04-306, 2005 WL 1159412 (S.D. Ohio May 17, 2005). The court found that permitting the plaintiff to bring a claim under California law would create "the type of burden on interstate commerce that the Commerce Clause prohibits." *Id.* at *4. If the Court were to adopt Moss's argument and permit a nonresident of California who has not worked in California to assert claims under the state's labor laws, the Court would essentially be finding that California's laws applied across the country. *See id.* This is plainly impermissible under the Commerce Clause.

Moss cites the Ninth Circuit case of *Ward v. United Airlines, Inc.*, 889 F.3d 1068 (9th Cir. 2018), but that opinion is inapposite. In that case, the Ninth Circuit certified to the Supreme Court of California the question of whether California labor law applies to *California residents* working primarily outside the state. *Id.* at 1074. Nowhere in Moss's amended pleading does she claim to be a California resident. To the contrary, the Amended Complaint states that Moss has resided in Michigan during "all times relevant to this Complaint." ECF No. 6-1, PageID.113. Plaintiff cannot assert claims under California's Labor Code.

### B. Plaintiff's amended unjust-enrichment claim fails.

Moss's proposed Amended Complaint does not specify whether the unjust enrichment claim she is advancing arises under California or Michigan law. Regardless, she has not stated a claim upon which relief

11

could be granted under the laws of either state. California does not recognize unjust enrichment as a cause of action. *In re Toyota Motor Corp.*, 790 F. Supp. 2d 1152, 1178 (C.D. Cal. 2011); *Hill v. Roll Int'l Corp.*, 195 Cal. App. 4th 1295, 1307 (Cal. 2011) ("Unjust enrichment is not a cause of action, just a restitution claim."). And the Court cannot sustain a claim for unjust enrichment under Michigan law because the Amended Complaint asserts that the parties had an express agreement regarding compensation.

Courts generally award equitable remedies for unjust enrichment where claims based on contract or other state-law violations prove unsuccessful. *In re Cardizem CD Antitrust Litig.*, 105 F. Supp. 2d 618, 669 (E.D. Mich. 2000). Here, the proposed Amended Complaint appears to suggest that Moss and Loandepot had an express agreement in the form of the "commission structure represented to [Moss] by Defendant in 2017 and paid to her by Defendant until her termination." ECF No. 6-1, PageID.115. Ultimately, the Court finds that Plaintiff cannot seek equitable relief in the form of an unjust-enrichment claim because her Amended Complaint is premised on the assertion that Moss and Loandepot agreed to a commission schedule in January 2017, and that Loandepot failed to pay Moss commissions she was entitled to receive under that commission schedule. *See* ECF No. 6-1, PageID.114–16. This is not the type of situation where equitable relief is appropriate.

## CONCLUSION

For these reasons, Loandepot.com, LLC's motion to dismiss (ECF No. 3) is hereby **GRANTED**. The Court also **DENIES** Moss's motion for leave to amend her pleading (ECF No. 6) because amendment would be futile. This case is accordingly **DISMISSED WITH PREJUDICE**.

Dated: March 30, 2020	s/Terrence G. Berg
	TERRENCE G. BERG
	UNITED STATES DISTRICT JUDGE

### Certificate of Service

I hereby certify that this Order was electronically submitted on March 30, 2020, using the CM/ECF system, which will send notification to all parties.

	s/Amanda Chubb
	Case Manager