UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **JESSICA MOSS**, <br><br> Plaintiff, <br><br> v. <br><br> **LOANDEPOT.COM, LLC**, <br><br> Defendant. | 2:19-cv-12076 <br><br> HON. TERRENCE G. BERG <br><br> **ORDER DENYING MOTION FOR RECONSIDERATION OR TO AMEND THE JUDGMENT** |

This Court previously dismissed the Complaint filed by Plaintiff Jessica Moss because it failed to state a claim. The Court also denied leave to amend the Complaint because amendment would be futile. Moss now moves for reconsideration of the Court's March 30, 2020 Order dismissing her Complaint with prejudice. Plaintiff argues that, if she were allowed discovery, she could possibly identify new claims that would not suffer from the deficiencies that caused the Court to dismiss her previous Complaint. But a plaintiff "is not entitled to discovery, cabined or otherwise" unless her complaint can survive a motion to dismiss. *Ashcroft v. Iqbal,* 556 U.S. 662, 686 (2009). Here, because Plaintiff has not plausibly alleged grounds upon which relief could be granted, and amendment would have been futile, the Court appropriately dismissed the case with prejudice. The Court will accordingly deny the motion for

1

reconsideration or to amend the judgment entered in this case, ECF No. 12.

## LEGAL STANDARD

Plaintiff frames her motion as one for "rehearing and reconsideration." ECF No. 12, PageID.177 (Mot. for Reconsideration Br.).[1] To the extent she seeks reconsideration under the Eastern District of Michigan's Local Rule 7.1(h)(3), the motion is untimely. That Local Rule instructs that any motion seeking reconsideration of a district court's order "must be filed within 14 days after entry of the judgment or order." L.R. 7.1(h)(3). Here, the Order and Judgment at issue were docketed on March 30, 2020. *See* ECF Nos. 10, 11. The motion for reconsideration was not filed until 28 days later, on April 27, 2020, and is therefore untimely under Local Rule 7.1(h)(3). *See* ECF No. 12.

Plaintiff may, however, procced on her motion as one for amendment of the judgment under Rule 59(e) or Rule 60(b) of the Federal Rules of Civil Procedure. *See* ECF No. 12, PageID.177 (stating that Plaintiff moves for reconsideration "pursuant to Federal Rules of Civil Procedure 59 and 60."). A Rule 59(e) motion can be filed "no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). And a Rule 60(b) motion for relief from a final judgment or order may be filed "no

---

[1] Although Plaintiff frames her motion as one for "rehearing and reconsideration," the Court notes there was never any hearing on the motion to dismiss filed in this case (or on any other motion). ECF No. 12, PageID.177. Accordingly, the Court will disregard Plaintiff's request for rehearing.

2

more than one year after the entry of the judgment or order." Fed. R. Civ. P. 60(c)(1). Accordingly, Plaintiff's motion is timely if it is one for amendment of the judgment under Rules 59 or 60(b).

Courts may grant a Rule 59(e) motion to alter or amend a judgment to "(1) correct a clear error of law, (2) account for newly discovered evidence, (3) accommodate an intervening change in the controlling law, or (4) otherwise prevent manifest injustice." *Moore v. Coffee Cty., Tenn.*, 402 F. App'x 107, 108 (6th Cir. 2010) (citation omitted).

Relief from a judgment may be also be provided under Rule 60(b) on one of several enumerated grounds, among which are mistake, newly discovered evidence, or the catchall of "any other reason that justifies relief." Fed. R. Civ. P. 60(b). The catchall provision should be applied "only in exceptional or extraordinary circumstances where principles of equity mandate relief . . . ." *Kelmendi v. Detroit Bd. of Educ.*, 780 F. App'x 310, 312 (6th Cir. 2019).

## DISCUSSION

Plaintiff alleges five overarching grounds for relief: (1) that discovery is needed to determine whether there was a contract between the parties, and if Defendant breached that contract; (2) discovery is required for Plaintiff to state a claim for violation of the Michigan Sales Representative Commission Act, Mich. Comp. Laws § 600.2961; (3) Plaintiff should be allowed to proceed with her claim for unjust enrichment; (4) Plaintiff should be allowed to—again—amend her

3

pleading; and (5) Plaintiff's claims should not have been dismissed with prejudice. *See* ECF No. 12.

## I. Plaintiff is not entitled to discovery to determine whether she has a viable claim for breach of contract.

Plaintiff continues to vacillate on the question of whether she has asserted, or is attempting to assert, a claim for breach of contract. After Plaintiff expressly abandoned her claim for breach of the 2013 employment agreement in response to Loandepot's motion to dismiss, this Court reasonably deemed that claim abandoned and dismissed it. Yet Plaintiff now argues the Court should have allowed her the benefit of discovery to determine whether the 2013 agreement was in fact binding on Loandepot and to investigate whether Loandepot may have breached a later 2017 agreement referred to as the "secondary compensation plan." The Court was correct to dismiss Plaintiff's claim for breach of the 2013 agreement when she explicitly abandoned it. And there is no basis for granting discovery to determine whether Plaintiff could in fact state a claim for breach of that contract, or of the later compensation agreement.

There was no error in the Court's decision to dismiss Plaintiff's claim for breach of the 2013 agreement. A plaintiff abandons a claim that she fails to raise in her brief opposing the defendant's motion to dismiss. *Doe v. Bredesen*, 507 F.3d 998, 1007–08 (6th Cir. 2007). *See Cruz v. Capital One, N.A.*, 192 F. Supp. 3d 832, 838 (E.D. Mich. 2016) ("A plaintiff

4

abandons undefended claims."); *Mekani v. Homecomings Fin., LLC*, 752 F. Supp. 2d 785, 797 (E.D. Mich. 2010) (explaining that where a plaintiff fails to respond to an argument in a motion to dismiss, "the Court assumes he concedes this point and abandons the claim."). Here, the original Complaint included a claim against Loandepot for breach of the 2013 employment agreement between Plaintiff and Mortgage Master, Inc., which was subsequently acquired by Loandepot. ECF No. 1-2, PageID.11–12. Plaintiff pled that Loandepot breached the agreement "by refusing to pay Plaintiff the commissions which she was owed." ECF No. 1-2, PageID.12. When Loandepot moved to dismiss the Complaint, Plaintiff responded by expressly abandoning this claim, admitting, "there is no enforceable contract between the parties," and "no contract was established between the parties." ECF No. 4, PageID.58; ECF No. 6, PageID.109–10 (Mot. to Amend Compl.) ("[T]here is no enforceable agreement between the parties . . . ."). Plaintiff's proposed Amended Complaint then omitted any claim for breach of contract. *See* ECF No. 6-1 (Proposed Am. Compl.). Because Plaintiff abandoned her original claim for breach of contract by arguing that there was no binding 2013 agreement between her and Loandepot, it was not error for this Court to dismiss her claim for breach of contract as set forth in the original Complaint. ECF No. 10, PageID.167–68 (Mar. 30, 2020 Order).

Plaintiff now contends the Court should allow her discovery to revisit the viability of a breach of contract claim concerning the 2013

agreement, and to determine whether she may also have a second breach of contract claim pertaining to the later 2017 compensation plan. Concerning the 2013 agreement, Plaintiff argues that documents related to Loandepot's "merger or acquisition" of Mortgage Master are within Defendant's "exclusive control" and that she needs them to assess whether the Mortgage Master agreement was "adopted by Defendant." ECF No. 12, PageID.181. Regarding the 2017 agreement, Plaintiff says she does not have a copy of the later compensation plan and needs it to determine whether Loandepot may be in breach.

Under *Iqbal*, however, Plaintiff must first meet Rule 8's pleading standard before proceeding to discovery. As stated by another district court in this circuit, "[e]ither the plaintiff can state plausible claims, and so commence discovery, or they cannot." *In re Flying J Rebate Contract Litig. (No. II)*, No. 14-2515-ART, 2014 WL 3611299, at *2 (E.D. Ky. Jul. 21, 2015). In this case, Plaintiff has not stated any plausible claim for breach of contract. Nor has she supported with legal authority her assertion that she is entitled to discovery on the basis that documents relevant to evaluating her potential breach-of-contract claims are within Loandepot's "exclusive control." The Court properly dismissed Plaintiff's claim for breach of the 2013 agreement after she expressly abandoned it. And *Iqbal* forecloses her request for discovery to revisit potential claims for breach of the 2013 agreement or initiate new ones regarding the 2017 compensation plan.

## II. Plaintiff is not entitled to discovery to evaluate whether she has a claim for violation of the Michigan Sales Representative Commission Act.

Plaintiff's argument that she requires discovery to assess whether she can state a claim for violation of the Michigan Sales Representative Commission Act ("MSRA") fails for the same reason. Because claims under the MSRA are "derivative" of breach-of-contract claims, there can be no claim for violation of the MSRA without an underlying claim for breach of contract. *Hardy v. Reynolds & Reynolds Co.*, 311 F. App'x 759, 766 (6th Cir. 2009). On that basis, Plaintiff urges that she "cannot complete the MSRA analysis without the 2017 compensation plan and the merger and acquisition documents." ECF No. 12, PageID.185. But "there is no general right to discovery upon filing of the complaint." *Yuhasz v. Brush Wellman, Inc.*, 341 F.3d 559, 566 (6th Cir. 2003). Rather, the purpose of Rule 12(b)(6) is to streamline litigation by enabling a defendant to challenge the legal sufficiency of the complaint without engaging in the expenditure of time and money necessitated by discovery. *Kolley v. Adult Protective Servs.*, 725 F.3d 581, 587 (6th Cir. 2013).

Moreover, as with her claim for breach of contract, Plaintiff did not argue in support of her claim for breach of the MSRA in response to Loandepot's motion to dismiss. The response brief states only:

> 1. "Does Plaintiff have an adequate claim under Michigan Sales Representative Commission Act?
>
> Plaintiff's Answer: Yes, Plaintiff was selling a good based on the Michigan Sales Representative Commission Act.

7

ECF No. 4, PageID.61. The brief does not develop this argument or explain how Plaintiff could state a claim for breach of the MSRA while expressly disavowing the existence of any contract between her and Loandepot—a predicate to any MSRA violation. Plaintiff's argument that she needs discovery to assess whether she could anchor her MSRA claim in breach of the 2013 agreement or 2017 compensation agreement is foreclosed by *Iqbal*. The Court finds no basis to revisit its dismissal of Plaintiff's claim for violation of the MSRA.

### III. The Court appropriately dismissed Plaintiff's claim for unjust enrichment.

The Court previously dismissed Plaintiff's unjust enrichment claim—which sounds in equity—on the grounds that she was also asserting legal claims encompassing the same wrongdoing and requested relief. ECF No. 10, PageID.169–70. Michigan courts have held that claims for equitable relief should generally be dismissed "where there is a full, complete, and adequate remedy at law." *Romeo Inv. Ltd. v. Mich. Consol. Gas Co.*, No. 260320, 2007 WL 1264008, at *9 (Mich. Ct. App. May 1, 2007) (citing *ECCO Ltd. v. Balimoy Mfg. Co.*, 446 N.W.2d 546, 548 (Mich. Ct. App. 1989)); *Madugula v. Taub*, 853 N.W. 2d 75, 86 (Mich. 2014) ("[E]quity will not take 'jurisdiction of cases where a suitor has a full, complete, and adequate remedy at law . . . .") (quoting *Detroit Trust Co. v. Old Nat'l Bank of Grand Rapids*, 118 N.W. 729, 731 (Mich. 1908)).

Both the Complaint and the proposed Amended Complaint contained legal claims that covered the same alleged wrongdoing and potential remedies as Plaintiff's equitable claims for unjust enrichment. Essentially, all of these claims targeted Loandepot's alleged withholding of compensation to which Plaintiff asserts she was entitled. For example, the original Complaint alleged breach of contract based on Defendant "refusing to pay Plaintiff the commissions which she was owed." ECF No. 1-2, PageID.12. That same pleading claimed unjust enrichment rooted in Defendant's "failure to fully compensate Plaintiff" and "Defendant's retention of the benefits it received from Plaintiff without full compensation." *Id.* The thrust of both claims—one legal and the other equitable—is that Plaintiff did not receive compensation to which she was entitled. The same holds true for the proposed Amended Complaint. In that revised pleading, Plaintiff asserted claims under the California Labor Code, arguing that Loandepot "refused to pay to Plaintiff the full and complete amount of the commissions she earned." ECF No. 5-1, PageID.100. The unjust enrichment claim contained in the Amended Complaint urged, almost identically, that Loandepot "failed to fully compensate Plaintiff." *Id.*

Ultimately, this is not a situation where Plaintiff has no adequate remedy at law for what she alleges is Loandepot's withholding of her due compensation. The motion for reconsideration in fact actively explores multiple potential avenues for legal recourse. For example, Plaintiff

9

acknowledges that the 2013 employment agreement may in fact be binding on Loandepot after all (as a successor of Mortgage Master). She further posits that Plaintiff may have a breach of contract claim for violation of the 2017 compensation plan. The problem is that Plaintiff has not adequately pled the various legal claims that she appears to recognize are available to her and instead requests discovery to further explore their viability. Because Michigan law counsels that equitable claims should be dismissed where the Plaintiff has legal claims that cover the same wrongdoing and provide the same potential relief, the Court was justified in dismissing her claims for unjust enrichment.

Moreover, Plaintiff has not cited any legal authority to support the assertion that courts should imply a contract—as courts do when they consider claims for unjust enrichment—where a plaintiff acknowledges the strong possibility that there are one or more express contracts that govern the wrongdoing at issue. *See Hudson v. Mathers*, 770 N.W.2d 883, 887 (Mich. Ct. App. 2009); *Liggett Restaurant Grp., Inc. v. City of Pontiac*, 676 N.W.2d 633, 639 (Mich. Ct. App. 2003). The 2013 employment agreement, attached to Defendant's motion to dismiss and signed by Plaintiff, for example, unequivocally provides that Plaintiff would be paid an "Override Commission (as defined below) on any and every loan that the Recruited Loan Officers (as defined below) originate and which closes while Recruiting Specialist is employed by MMI [Mortgage Master]." ECF No. 3-3, PageID.55. Although Plaintiff at one point took the position

that the 2013 agreement between Mortgage Master and Plaintiff may not be binding on Loandepot, that now appears to be an open question. Michigan courts have rejected unjust enrichment claims where, as here, the plaintiff fails to provide legal support for the assertion that an implied contract can be sustained even where an express contract exists but questions remain as to whether it is binding on both parties. *See, e.g, Liggett Restaurant Grp.*, 676 N.W.2d at 639.

IV. **The Court will not permit Plaintiff to once again amend her pleading**.

After thoroughly examining the proposed Amended Complaint, the Court determined in its previous Order that allowing Plaintiff to amend her pleading would be futile. The claims she asserted in that proposed pleading—for violation of California's Labor Code and unjust enrichment—failed to state any claim upon which relief could be granted. *See* ECF No. 10, PageID.171–74. Plaintiff cannot now, on a Rule 59 or Rule 60 motion, present new arguments in support of amendment that could have been raised prior to this Court's entry of judgment. *Howard v. United States*, 533 F.3d 472, 475 (6th Cir. 2008). This Court made its assessment of Plaintiff's proposed Amended Complaint, ECF No. 6-1, found that it would not survive a motion to dismiss, and sees no error in that judgment. Besides, after a district court grants a motion to dismiss and enters judgment, a plaintiff may not seek to amend her complaint without first successfully moving to amend or set aside the judgment

under Rule 59 or 60. *Benzon v. Morgan Stanley Distribs., Inc.*, 420 F.3d 598, 613 (6th Cir. 2005). Because the Court finds no compelling reason to set aside its judgment in this case, it cannot grant Plaintiff leave to once again amend her pleading. Her remedy is with the court of appeals.

Another alternative could be for Plaintiff to file a new lawsuit alleging breach of the 2017 compensation plan, if she could plausibly allege the existence of the claimed agreement with Loandepot. Under Michigan law, the statute of limitations for breach of contract claims seeking monetary damages is six years. Mich. Comp. Laws § 600.5807(9). Such claims accrue "at the time the wrong upon which the claim is based was done regardless of when the damage results." Mich. Comp. Laws § 600.5827. At the same time, Defendant may have a potential affirmative defense of res judicata given that there is at minimum a colorable argument to be made that Plaintiff could have asserted a claim for breach of the 2017 agreement in this same lawsuit. *See J.Z.G. Res., Inc. v. Shelby Ins. Co.*, 84 F.3d 211, 214 (6th Cir. 1996) ("Claim preclusion applies not only to bar the parties from relitigating issues that were *actually* litigated but also to bar them from relitigating issues that *could have been raised* in an earlier action.")

## V. It was appropriate to dismiss Plaintiff's claims with prejudice.

This Court dismissed Plaintiff's Complaint with prejudice only after finding that both the original Complaint and the proposed Amended

Complaint failed to state any claim upon which relief could be granted. A district court's decision to dismiss a complaint with prejudice is reviewed for abuse of discretion. *Craighead v. E.F. Hutton & Co.*, 899 F.2d 485, 495 (6th Cir. 1990). Although district courts should dismiss *without* prejudice and with leave to amend where the complaint could be saved by amendment, *Newberry v. Silverman*, 789 F.3d 636, 646 (6th Cir. 2015), a careful review of the proposed Amended Complaint established that amendment would have been futile in this case. Even in the motion for amendment of the judgment now before the Court, Plaintiff does not argue in earnest that she has identified claims capable of surviving a motion to dismiss. Rather, the motion focuses on her belief that discovery is necessary to develop sufficient information to allow her to state possible contract claims. Such a request is foreclosed by *Iqabal*.

    Although Plaintiff may be correct that she alleged facts sufficient to state a claim for unjust enrichment, both the Complaint and the proposed Amended Complaint also contained legal claims that sought to right the same wrongdoing targeted by her equitable claims for unjust enrichment. The Court must consider the pleadings before it in their entirety, rather than viewing the unjust enrichment claim in isolation. And Michigan law favors dismissal of equitable claims where legal claims that would yield the same relief are also available to the plaintiff. Because Plaintiff twice failed to adequately plead her claims, it was within this Court's authority to dismiss her Complaint with prejudice.

## CONCLUSION

For these reasons, Plaintiff's motion for reconsideration or to amend the judgment entered in this case, ECF No. 12, is **DENIED**.

**SO ORDERED.**

Dated: July 2, 2020     s/Terrence G. Berg
            TERRENCE G. BERG
            UNITED STATES DISTRICT JUDGE